C&F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DONN F. ALBANO,

                Petitioner(s)            **MEMORANDUM & ORDER**

      -against-                          CV 09-3150 (RJD)

CON EDISON COMPANY OF NEW YORK,

                Defendant(s)
-----------------------------------------------------------x
DEARIE, Chief Judge

        Plaintiff Donn F. Albano, *pro se*, brings this action against defendant the Con Edison Company of New York ("Con Edison") for $6,000 in damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). After plaintiff fell behind on his payments for electrical service, defendant left two postcards at his residence notifying him that his account was in arrears. The postcards displayed plaintiff's name, initials, and the amount due. Plaintiff contends that these postcards violated the FDCPA. 15 U.S.C. § 1692f(7) (debt collector may not "communicat[e] with a consumer regarding a debt by post card."). Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it is not a debt collector as defined by the FDCPA. For the reasons set forth in defendant's brief and below, defendant's motion to dismiss is granted.

## DISCUSSION

        The general purpose of the FDCPA is to eliminate abusive and deceptive practices by "debt collectors." 15 U.S.C. § 1692(e). The statute specifically defines a debt collector as one who engages in "any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or

due or asserted to be owed or *due another.*" 15 U.S.C. § 1692a(6) (emphasis added). By its terms, the statute limits its reach to those collecting the debts "of another" and does not restrict the activities of creditors seeking to collect their own debts. See 15 U.S.C. § 1692a(6); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2d Cir. 1998); Carlson v. Long Island Jewish Medical Center, 378 F. Supp. 2d 128, 130-31 (E.D.N.Y. 2005); Bleich v. Revenue Maximization Group, Inc., 239 F. Supp. 2d 262, 264 (E.D.N.Y. 2002). The statute explicitly exempts creditors – those who have extended the credit that created the debt – unless they operate under an alias or name that suggests a third party is involved in collecting the debt. 15 U.S.C. §1692a(4), (6); see also Ramos v. Bobell Co., No. 03 Civ.1666, 2003 WL 22725349, at *2 (S.D.N.Y. Nov. 20, 2003) (finding in-house collection division of creditor using another name subject to FDCPA).

Congress exempted creditors from the reach of the FDCPA because it recognized that the activities of creditors seeking to collect their own debts are naturally constrained by their desire to retain "good will" with consumers. Bleich, 239 F. Supp. 2d at 264. Congress concluded that creditors, unlike debt collectors, are less likely to engage in the type of "unscrupulous activities" that the Act is designed to prevent. Id. In contrast, "independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them." Harrison v. NBD Inc., 968 F. Supp. 837, 841 (E.D.N.Y. 1997) (quoting S. REP. No. 95-382, 95th Cong., 1st Sess., reprinted in 1997 U.S.C.C.A.N. 1695, 1696).

Con Edison is a utility provider, the "principle purpose" of which is supplying gas and electricity to residents of New York City and Westchester County, not collecting debt; therefore, Con Edison is not subject to the FDCPA. Plaintiff maintains an electric

account with Con Edison, and plaintiff's admitted failure to pay for the service created a debt owed to Con Edison. Con Edison's efforts to collect this debt by sending postcards to the plaintiff's home, therefore, were as a creditor trying to collect on a debt directly due. Such activity is not covered by the FDCPA.

Plaintiff asserts, however, that a debt collector, as defined by the statute, not only includes a person whose "principle purpose" of business is debt collection, but also a person who "regularly collects or attempts to collect" debt. See 15 U.S.C. § 1692a(6). In support, plaintiff cites a number of cases in which attorneys have been found subject to the FDCPA. These cases, however, are inapposite.

Originally, the FDCPA exempted lawyers, like creditors, from coverage on the ground that "attorneys were only incidentally involved in debt collection activities." H.R. REP. NO. 99-405, reprinted in 1986 U.S.C.C.A.N. 1695, 1697-98. However, the 1986 amendments to the FDCPA repealed the attorney exemption in response to a large increase in the number of attorneys in the collection industry and the abusive tactics of some. See H.R. REP. NO. 99-405, reprinted in 1986 U.S.C.C.A.N. 1752 ("any attorney who is in the business of collecting debts will be regarded by the Act as a debt collector."). Since the repeal, "[t]he Supreme Court has made it clear that the FDCPA applies to attorneys 'regularly' engaging in debt collection activity, including such activity in the nature of litigation." Goldstein, 374 F.3d at 60 (citing Heintz v. Jenkins, 514 U.S. 291, 299 (1995)); see also Schroyer v. Frankel, 197 F.3d 1170, 1174-75 (6th Cir. 1999) (citing legislative history of FDCPA and the repeal of the attorney exemption). Neither Congress nor the courts, however, have found it necessary to extend the FDCPA to creditors collecting their own debt, regardless of frequency. Indeed because "[a]ny

business that extends credit will inevitably, and perhaps even 'regularly' become involved in the collection of debts. To adopt plaintiff's reasoning would require this Court to read out the explicit exemption provided by 15 U.S.C. § 1692a(6)." Sembler v. Advanta Bank Corp., No. 07 CV 2493, 2008 WL 2965661, at *2 (E.D.N.Y. Aug. 1, 2008). Thus, regardless of whether Con Edison "regularly" collects debt, it is not a debt collector under the FDCPA.

The flaw in plaintiff's case cannot be cured by repleading. See, e.g., Fernicola v. Toyota Motor Corporation, 313 Fed.Appx 408 (2d Cir. 2009) ("[FDCPA] would not have conferred subject-matter jurisdiction upon the district court, as there is no indication that [defendant] was a 'debt collector' under the provisions of the FDCPA."); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with plaintiff's causes of action is substantive; better pleading will not cure it."); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (leave to amend need not be granted if district court can rule out any possibility, however unlikely it might be, that amended complaint would succeed). Thus, despite plaintiff's *pro se* status, leave to amend is denied.

## CONCLUSION

Defendant's motion to dismiss is granted with prejudice. Any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       July __/__ , 2010

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge

4